MARC A. PILOTIN
Regional Solicitor
ANDREW SCHULTZ
Counsel for Wage and Hour
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: 415-625-7745
Email: schultz.andrew@dol.gov
*Attorneys for Plaintiff Lori Chavez-DeRemer*
*United States Secretary of Labor*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> NEED MORE SHEEP COMPANY, LLC, a corporation, and HENRY C. VOGLER, an individual, <br><br> Defendants. | Case No. 3:25-cv-480-MMD-CSD <br><br> **CONSENT JUDGMENT AND ORDER** |

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants Need More Sheep Company, LLC and Henry C. Vogler ("Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment and Order ("Consent Judgment") as follows:

**STATEMENT BY THE PARTIES**

1. Pursuant to the Immigration and Nationality Act ("INA"), as amended by the Immigration Reform and Control Act ("IRCA") (8 U.S.C. 1101 (a)(15)(H)(ii)(a), 1184(c) and 1188), and upon written notice in accordance with the applicable regulations at 20 C.F.R. Parts 501 and 655, on August 5, 2024, the Administrator for the Wage and Hour Division ("Administrator") notified Defendants of the Administrator's determination of violations of

Section 218 of the INA and applicable regulations and the assessment of civil money penalties and debarment (hereinafter the "Administrator's Determination"). The Administrator's Determination bears the case file number: 1940627.

2. On September 3, 2024, Defendants made a request for a hearing of the Administrator's Determination (the "Request for Hearing").

3. Thereafter, the Secretary filed a Complaint alleging that Defendants violated the H-2A Program under Section 218 of the Immigration and Nationality Act, as amended by the Immigration and Reform Control Act of 1986 and their Regulations at 20 C.F.R. Part 655 and 29 C.F.R. Part 501 ("H-2A Implementing Regulations").

4. Defendants waive formal service of the Summonses and Complaint and acknowledge receipt of a copy of the Complaint.

5. Defendants waive their Answer and any defenses to the Complaint.

6. The Parties agree to waive findings of fact and conclusions of law and further agree to entry of this Consent Judgment without further contest.

7. The Parties stipulate that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the United States District Court for the District of Nevada.

8. To fully resolve the Administrator's Determination and the Complaint filed in this matter, Defendants hereby withdraw their Request for Hearing; agree to pay the civil money penalties as set forth herein, which they agree are finally determined; and agree to the entry of this Consent Judgment. Further, the Secretary and the Department of Labor agree not to seek debarment of Defendants, including their managers and employees, under 20 C.F.R. § 655.182 or 29 C.F.R. § 501.20 in connection with the Administrator's Determination.

9. For purposes of this Consent Judgment, the terms "Application for Temporary Employment Certification," "H-2A Worker(s)," "Corresponding Employment," "Job Offer," and "Period of Employment," shall have those definitions as set forth in 29 C.F.R. § 655.103.

10. For purposes of this Consent Judgment, the term "Worker(s)" shall mean Defendants' current and future H-2A workers performing work as range livestock herders, range

livestock workers, and/or sheepherders as well as those workers in Corresponding Employment.

11. For purposes of this Consent Judgment, the term "Remote Location(s)" shall mean a location which is not connected to the electrical grid (i.e., the network of power station(s), electrical substation(s), and transmission line(s) connecting electricity producers with electricity consumers) and is more than 1-mile from a police department, fire department, or hospital.

12. Except as otherwise contained in this Consent Judgment, Defendants make no admissions.

13. The Parties agree that this is a good faith settlement and a full and final resolution of the contested claims in this matter.

## PERMANENT INJUNCTION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to 8 U.S.C. § 1188(g)(2) and 29 C.F.R. § 501.16(b), Defendants and their officers, agents, servants, employees, successors and all persons in active concert or participation with them are permanently enjoined and restrained from violating any provisions of the H-2A Implementing Regulations with special emphasis in the manners identified below:

14. Defendants shall not violate 20 C.F.R. § 655.122(j)(2) concerning keeping and making available for inspection and transcription the records required under 20 C.F.R. § 655.122(j).

15. Defendants shall not violate 20 C.F.R. § 655.122(q) concerning the disclosure of the work contract.

16. Defendants shall not violate 20 C.F.R. § 655.135(e) requiring compliance with all applicable Federal, State and local laws and regulations, including health and safety laws.

17. Defendants shall not, in violation of 29 C.F.R. § 501.7, fail to cooperate with federal officials assigned to perform investigations, inspections, and/or law enforcement functions pursuant to 8 U.S.C. § 1188 and 29 C.F.R. Part 501 during the performance of such duties.

18. Defendants shall have an ongoing duty to comply with the INA, as amended, as well as the applicable regulations at 20 C.F.R. Parts 501 and 655.

19. **Notice of Rights:** Within fourteen (14) days of the entry of this Consent Judgment, Defendants shall provide their Workers with the documents attached hereto as Exhibit A and shall post a copy of the same in a conspicuous place where it can be seen by such Workers. Further, at the commencement of each Period of Employment, Defendants shall provide a copy of Exhibit A to each of their Workers and shall post a copy of the same in a conspicuous place where it can be seen by the Workers for the entire Period of Employment. Either party may petition the Court at any time to amend the terms of Exhibit A to comport with any statutory or regulatory changes made to the H-2A Program.

20. **Communication Equipment:** Defendants shall provide their Workers with effective and reliable communication equipment, or otherwise ensure that their Workers possess such equipment, while such Workers are performing work in Remote Locations. Such communication equipment may include but is not limited to satellite phones, cell phones (provided there is cell phone service coverage), wireless devices, radio transmitters, and/or other types of communication systems, provided that they enable the Worker to readily communicate with persons capable of responding to the worker's needs in case of an emergency. Defendants shall provide such communication equipment to their Workers free of charge and without a deposit.

21. **Job Order:** In any Job Order, Defendants must state the type of communication equipment to be provided to the Workers as required under Paragraph 20 above and also that such equipment will be provided free of charge or deposit during the entire Period of Employment.

22. **Safety Procedures:** Within sixty (60) days of the entry of this Consent Judgment, and for a period of at least four (4) years, Defendants shall develop, document and thereafter comply with safety procedures to ensure the welfare and safety of the Workers while they are performing work in Remote Locations. Defendants shall make these procedures available to the Secretary upon request. Such procedures shall include, at a minimum, the following requirements:

   a. Daily contact via electronic or telephonic communication between Defendants and these Remote Location Workers sufficient for Defendants to confirm and/or otherwise ensure the precise location, health and safety of these Remote Location Workers;

   b. Regular, pre-scheduled, in-person visits between Defendants and the Remote Location Workers sufficient for Defendants to confirm and/or otherwise ensure the Remote Location Workers' health and safety, including addressing the Remote Location Workers' food and supply needs.

   c. Defendants must maintain a written log of each electronic, telephonic or in-person contact made with the Remote Location Workers, including documenting who they contact (by Worker name), the location of each Worker, the date and time of contact, and information confirming each Worker's safety and welfare (i.e., information regarding the Workers' health, safety, medical needs, food supply, equipment, and clothing, etc.). Defendants shall maintain these logs for two years and shall make them available to the Secretary upon request.

## JUDGMENT

**JUDGMENT IS HEREBY ENTERED,** pursuant to 8 U.S.C. § 1188(g)(2), in favor of the Secretary and against Defendants in the total amount of $21,000. This figure represents civil money penalties ("CMPs") to be paid to the Wage and Hour Division, United States Department of Labor.

23. Within thirty (30) days of the entry of this Consent Judgment, Defendants shall make the CMP payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77743734, or by going to www.pay.gov and searching "WHD Civil Money Penalty - WE Region." All payments shall reference Case Number No. 1940627.

24. In the event of any default in the timely making of any payment due hereunder, the full amount due under this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of Defendants then known to the Secretary. Defendants shall have ten (10) business days following receipt of notice to respond to the written demand and remit payment before triggering

the immediate payment described above.

## MISCELLANEOUS PROVISIONS

25. This Consent Judgment may be signed in multiple counterparts and transmitted by facsimile or by electronic mail or by any other electronic means intended to preserve the original graphic and pictorial appearance of a Party's signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

26. Each party shall bear their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including, but not limited to, any costs referenced in the Equal Access to Justice Act, as amended, to the date of entry of the Consent Judgment herein.

27. The Parties agree that to the extent a purported violation of this Consent Judgment is made known to the Department of Labor, the Department shall notify Defendants in writing of the purported violation before seeking judicial intervention. Defendants shall have thirty days after receipt of the notification to respond in writing. Within fourteen (14) days after the Department of Labor receives Defendants' response, the Parties shall meet and confer in good faith in an attempt to resolve the issue. Notwithstanding the above, nothing in this Paragraph shall prevent the Secretary from seeking immediate judicial relief if the Secretary, in her sole discretion, believes such intervention is warranted to address an emergency or urgent situation. For purposes of this Paragraph, Defendants may be contacted at the following:

> HENRY C. VOGLER
> dba NEED MORE SHEEP COMPANY, LLC
> HC 33 BOX 33920
> ELY, NEVADA 89301

28. The Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

**IT IS SO ORDERED:**

DATED this <u>8th</u> day of September, 2025.

_____
United States District Judge

| | |
|---|---|
| Dated: _____, 2025 | Dated: September 3, 2025 |
| ***For Defendants Need More Sheep Company, LLC and Henry C. Vogler*** | ***For the Secretary of Labor, United States Department of Labor*** |
| | JONATHAN L. SNARE<br>Acting Solicitor of Labor |
| _____<br>Need More Sheep Company, LLC<br>By: Henry C. Vogler | MARC A. PILOTIN<br>Regional Solicitor |
| _____<br>Henry C. Vogler<br>Owner of Need More Sheep Company, LLC | _____<br>*/s/ Andrew J. Schultz*<br>ANDREW SCHULTZ<br>Counsel for Wage and Hour<br><br>*Attorneys for Plaintiff Lori Chavez-DeRemer, United States Secretary of Labor* |
| _____<br>Louis Test, Esq.<br>James Puzey, Esq.<br>Kearney Puzey Damonte, Ltd.<br>800 South Meadows Parkway, Suite 800<br>Reno, NV 89521<br>*Attorney for Defendants Need More Sheep Company, LLC and Henry C. Vogler* | |

| | |
|---|---|
| Dated: August 28, 2025<br><br>**For Defendants Need More Sheep Company, LLC and Henry C. Vogler**<br><br>*(signature)*<br>Need More Sheep Company, LLC<br>By: Henry C. Vogler<br><br>*(signature)*<br>Henry C. Vogler<br>Owner of Need More Sheep Company, LLC<br><br>*(signature)*<br>Louis Test, Esq.<br>James Puzey, Esq.<br>Kearney Puzey Damonte, Ltd.<br>800 South Meadows Parkway, Suite 800<br>Reno, NV 89521<br>*Attorney for Defendants Need More Sheep Company, LLC and Henry C. Vogler* | Dated: _____, 2025<br><br>**For the Secretary of Labor, United States Department of Labor**<br><br>JONATHAN L. SNARE<br>Acting Solicitor of Labor<br><br>MARC A. PILOTIN<br>Regional Solicitor<br><br>ANDREW SCHULTZ<br>Counsel for Wage and Hour<br><br>_____<br>Andrew M. Katz<br>Senior Trial Attorney<br>*Attorneys for Plaintiff Lori Chavez-DeRemer, United States Secretary of Labor* |